IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis L. King, | C/A No. 0:10-2903-TLW-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of South Carolina, | |
| Respondent. | |

The petitioner, Curtis L. King ("Petitioner"), proceeding *pro se*, brings this action entitled "Petition for Writ Mandamus" requesting release from state custody or a new trial on his state criminal charges. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at the Broad River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915,[1] the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

---

[1] Although he was directed to do so, Petitioner did not pay a filing fee for this case, nor did he submit a Motion for Leave to Proceed *in forma pauperis*. The court will treat Petitioner's case as if he intended to seek *in forma pauperis* status because he did not pay the filing fee.

404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

As an initial matter, the instant Petition should properly be considered as a petition for a writ of habeas corpus. The United States Supreme Court has explained that

> [f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.

Castro v. United States, 540 U.S. 375, 381 (2003) (citations omitted). It appears that Petitioner was convicted in the Greenville County Court of General Sessions in 2001 for armed robbery and attempted armed robbery. Petitioner alleges that his incarceration violates the United States Constitution (due process and equal protection) and state law based on procedural irregularities. In this action, the substance of Petitioner's case seeks to overturn his state conviction for which he is incarcerated in order to obtain release from prison. Thus, this action should have been brought pursuant to 28 U.S.C. § 2254 as a habeas petition and should be recharacterized as such to properly reflect the legal basis for Petitioner's requested relief. Cf. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (noting that a prisoner in state custody cannot bring a § 1983 action to challenge " 'the fact or duration of his confinement' " and that an action for restoration of good time credits in effect demands a shorter period of detention; therefore, the action "lies at 'the core of habeas corpus'") (quoting Preiser v. Rodriquez, 411 U.S. 475 (1973)). In fact, this court propounded a special interrogatory to Petitioner to determine whether Petitioner intended this action to be a writ of habeas corpus or a writ of mandamus because the amount of the

filing fee depended on the answer. (ECF No. 7, 13.) Petitioner did not answer the Court's Special Interrogatory, and the time to submit the document has now lapsed.

Construing this action as a habeas corpus petition, it must be dismissed because it is successive to Petitioner's first § 2254 action. See King v. Warden McCormick Corr. Inst., C/A No. 9:07-104-TLW-GCK (D.S.C. Oct. 29, 2007). In that prior habeas action, Petitioner challenged the same conviction from the Greenville County Court of General Sessions, and the court granted summary judgment to Respondent. Id., ECF No. 22, 27. It appears that Petitioner has not received permission from the United States Court of Appeals for the Fourth Circuit to file this second habeas action in this court. For this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). See In re: Williams, 330 F. 3d 277 (4th Cir. 2003); In re: Fowlkes, 326 F. 3d 542 (4th Cir. 2003). Because it appears that Petitioner did not obtain authorization from the Fourth Circuit to file the instant Petition, this court does not have jurisdiction to consider it. Cf. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); In re Williams, 444 F.3d 233, 237 (4th Cir. 2006).

Additionally, this action should be dismissed based on Petitioner's failure to prosecute the action and failure to comply with this court's Orders. By Orders entered December 1, 2010, and January 14, 2011, Petitioner was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. Petitioner was warned that failure to provide the necessary information within the timetable set forth in the Orders would subject the case to dismissal. Petitioner twice failed to pay the filing fee or submit a Form AO-240 (Motion



for Leave to Proceed *in forma pauperis*), and he twice failed to answer the Court's Special Interrogatory. Petitioner has failed to prosecute this case and has failed to comply with Orders of this Court. Therefore, this action should be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. See Link v. Wabash R.R. Co., 370 U.S. 626 (1962).

## RECOMMENDATION

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). It is further recommended that if the district judge determines to recharacterize the Petition as a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Clerk of Court should be directed to indicate on the docket that this action is a habeas corpus action and that Petitioner owes a $5 filing fee.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 14, 2011
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).