IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis L. King, )<br>)<br>       Petitioner, )<br>)<br>vs. )<br>)<br>State of South Carolina, )<br>)<br>       Respondent. )<br>_____) | Civil Action No.: 0:10-cv-2903-TLW-PJG |

## ORDER

On November 9, 2010, the petitioner, Curtis L. King ("petitioner"), brought this action entitled "Petition for Writ Mandamus," pro se, requesting release from state custody or a new trial on his state criminal charges. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett to whom this case had previously been assigned. (Doc. # 19). In the Report, the Magistrate Judge recommends that the District Court dismiss this case without prejudice and without issuance and service of process. (Doc. # 19). The petitioner filed objections to the Report. (Doc. # 21). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny

1

> entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court notes that after the Magistrate Judge issued the Report, the petitioner filed a motion for leave to proceed in forma pauperis and an answer to the Court's Special Interrogatory. (Docs. 22, 23). In his answer to the Special Interrogatory, the petitioner states he wishes for his cause of action to be construed as a petition for a writ of habeas corpus. As noted in the Report, dismissal is still appropriate because this action is a successive habeas petition under 28 U.S.C. § 2254 and the petitioner has not sought leave from the Fourth Circuit Court of Appeals to file a successive habeas petition. <u>See</u> 28 U.S.C. § 2244(b)(3).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 19). Therefore, for the reasons articulated by the Magistrate Judge, this case is **DISMISSED** without prejudice and without issuance and service of process. The Clerk of Court is directed to indicate on the docket that this action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner's motion for leave to proceed in forma pauperis (Docs. 23, 15) is **GRANTED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. The petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<u>     s/Terry L. Wooten     </u><br>
United States District Judge

June 17, 2011
Florence, South Carolina